UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERRY MEANS,

        Plaintiff,

v.                                      Case No. 09-C-687

DEPARTMENT OF CORRECTIONS, et al.,

        Defendants.

**MEMORANDUM AND ORDER**

Plaintiff Means, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Milwaukee Secure Detention Facility.

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. I am satisfied that he lacks the funds to pay an initial partial filing fee, and the initial filing fee is therefore **WAIVED**. 28 U.S.C. § 1915(b)(4).

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Plaintiff has sued several defendants alleging that they are responsible for his unlawful conditions of confinement in the segregated confinement unit of the MSDF. According to the complaint, Plaintiff receives a new bath towel and linens only once a week, which he alleges is inhumane and in violation of the Constitution. And although inmates are given new clothes on Mondays and Fridays, inmates are not given any additional clothes after they shower on Wednesdays. Plaintiff alleges this is also inhumane. Neither of these conditions of confinement states a claim under the Eighth Amendment or Due Process Clause. Plaintiff's allegations appear based solely on his own subjective view of what is "humane" or acceptable hygiene, but that does not suffice. Instead, he must show that the conditions of his confinement violate established standards of decency. Here, there is no allegation that his conditions are actually filthy, disgusting, or causing of disease; instead, the allegations set forth a general quibble with the frequency of his towel and clothing changes. This is not enough. *See, e.g., Peaslee v. Arpaio,* 2007 WL 682569 (D. Ariz. 2007) (no claim stated against jail offering only one change of clothing and towel per week). Absent allegations of actual threats of harm to one's health or a violation of basic standards of decency (e.g., denial of clothing altogether), courts are loathe to become involved in the day-to-day

3

decisions made by prison officials, and the Constitution certainly does not guarantee a specific number of clothing changes. Accordingly, the complaint will be dismissed.

**IT IS ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted and the initial partial filing fee is waived.

**IT IS ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly and enter a "**strike**".

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   24th   day of August, 2009.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge